UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
OVELL LEVINE,

                  Plaintiff,        15 CV 6357 (NG) (JO)

    -against-

THE CITY OF NEW YORK, PETER        **AMENDED COMPLAINT**
LAZARE, CHRISTOPHER MULLER,
JARED FOX, CARLOS GUITIAN, and
THADDEUS GRANDSTAFF,

                              **PLAINTIFF DEMANDS**
                 Defendants.     **A TRIAL BY JURY**
----------------------------------X

       Plaintiff Ovell Levine, by his attorneys Lumer & Neville, as and for his Amended Complaint, hereby alleges upon information and belief as follows:

## PARTIES, VENUE and JURISDICTION

       1.     At all times hereinafter mentioned, plaintiff Ovell Levine was an adult male resident of Kings County, in the State of New York.

       2.     At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

       3.     At all relevant times hereinafter mentioned, defendant Peter Lazare (Shield 26342) was a member of the NYPD. Lazare is sued herein in his individual capacity.

       4.     At all relevant times hereinafter mentioned, defendant Christopher

Muller (Shield 4155) was a member of the NYPD. Muller is sued herein in his individual capacity.

5. At all relevant times hereinafter mentioned, defendant Jared Fox (Shield 20052) was a member of the NYPD. Fox is sued herein in his individual capacity.

6. At all relevant times hereinafter mentioned, defendant Carlos Guitian (Shield 26807) was a member of the NYPD. Guitian is sued herein in his individual capacity.

7. At all relevant times hereinafter mentioned, defendant Thaddeus Grandstaff (Shield 15269) was a member of the NYPD. Lazare is sued herein in his individual capacity.

8. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

9. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

10. A Notice of Claim was timely served by the plaintiff upon the defendant City of New York.

11. The City of New York subsequently conducted an examination of the plaintiff pursuant to General Municipal Law §50-H.

12. At least thirty days have passed since plaintiff's service of his Notice of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

13. Plaintiff has complied with all of obligations, requirements and

conditions precedent to commencing an action against New York City under New York law.

## RELEVANT FACTS

14. As of August 22, 2014, plaintiff resided in an apartment on Tapscott Street in Kings County (the "premises"), along with plaintiff's mother, brother, and sister, each of whom had their own bedroom.

15. On August 22, 2014, at or about 6:30, members of the NYPD, either including or acting on behalf of the individual defendants, without warning forcibly entered the premises with weapons drawn and seized and hand handcuffed plaintiff and the other members of the household, who were all found in their respective bedrooms.

16. Also seized was the boyfriend of plaintiff's mother, who was found in the mother's bedroom, and a female overnight guest of the plaintiff, who was found in plaintiff's bedroom.

17. Lazare and the individual defendants, who were Lazare's colleagues and/or supervisor(s) either participated in the initial entry and seizure of the occupants of the premises, or were present outside the premises while other officers conducted the initial entry, and entered immediately thereafter to conduct a search and take further action.

18. The officers did not display nor produce a warrant authorizing their entry into the premises, and had no reasonable basis to believe that they had consent to enter the premises or that any exigency existed that would justify their entry.

19. No contraband or weapons of any sort were found anywhere in plaintiff's bedroom or in plain view anywhere in the premises.

20. Plaintiff's houseguest was eventually released, and plaintiff's sister, who is a minor, was transferred to the custody of a relative.

21. Plaintiff, his brother, his mother, and his mother's boyfriend were all transported by defendants to a local area NYPD station house, where plaintiff was jailed for a period of hours while his arrest was processed.

22. Plaintiff was subsequently transported to Kings County Central Booking, where he was held for many more hours.

23. While plaintiff was imprisoned by the defendants, Lazare completed arrest paperwork in which he claimed that plaintiff had possessed a quantity of marijuana which Lazare claimed to have recovered inside a "cookie tin" inside the kitchen.

24. Upon information and belief, no marijuana, nor any other contraband, was found in a "cookie tin" or anywhere else in any common areas of the premises, and Lazare knew that this was so when he drafted the arrest paperwork.

25. Lazare forwarded these false allegations to the Kings County District Attorney ("KCDA") in order to justify the arrest and to persuade the KCDA to commence the plaintiff's criminal prosecution.

26. Upon information and belief, Lazare then spoke with one or more members of the KCDA about the arrest and confirmed this falsified version of events in which he manufactured a basis for arresting plaintiff through the deliberate use of the false claim that marijuana was found in the kitchen.

27. Lazare knew and understood that the KCDA, in evaluating whether to commence a criminal prosecution against the plaintiff, was relying on the truthfulness of his

claims and statements, and assuming that all of these factual statements and claims Lazare was relaying were truthful in all material respects.

28. Lazare further knew and understood that he was obligated to provide any and all exculpatory information to the KCDA and that he was expected to turn over to or otherwise provide the KCDA with all material information concerning the arrest, regardless of whether it was inculpatory or exculpatory.

29. As a direct result of these allegations by Lazare, the plaintiff was criminally charged by the KCDA and arraigned under docket 2014KN064090 with one count of violating NY Penal Law §221.05, which is classified as a violation and which expressly states that it "punishable only by a fine of not more than one hundred dollars," unless the defendant has been previously convicted under Article 220 of the NY Penal Law, which did not apply to plaintiff.

30. Thus, even if there were a factual basis to charge plaintiff with actual or constructive possession of marijuana under this statute – there was no lawful basis for his custodial arrest.

31. Plaintiff acceded to an ACD at his arraignment on August 23, 2014, and the prosecution was subsequently dismissed.

32. The individual defendants knew and understood that they lacked sufficient evidence to justify the plaintiff's arrest, notwithstanding such knowledge, they failed to take any steps to intercede in Lazare's conduct or otherwise inform supervisory officers within the NYPD or members of the KCDA about Lazare's actions.

33. That at all times relevant herein, the individual defendants were acting

within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

34.     Plaintiff repeats the allegations contained above as though stated fully herein.

35.     The individual defendants willfully and intentionally seized, arrested, and imprisoned plaintiff without probable cause, and without a reasonable basis to believe such cause existed, or otherwise failed to intervene while their fellow officers engaged in this unconstitutional conduct.

36.     The individual defendants fabricated and withheld evidence and misled prosecutors in order to manufacture probable cause for the plaintiff's arrest and prosecution or otherwise failed to intervene Lazare engaged in said unconstitutional conduct.

37.     The individual defendants, individually and collectively, subjected the plaintiff to (i) false arrest and imprisonment, and (ii) denial of due process and his right to a fair trial through the fabrication of evidence, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

38.     To the extent that any of the individual did not directly engage in such conduct, each such officer was aware of such conduct by his fellow officers, yet failed to make any effort to intervene in the aforementioned misconduct by remaining silent or otherwise deliberately choosing not to take any meaningful steps to correct the defendants' actions, or

otherwise protect the plaintiff from the defendants' actions.

39. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, imprisonment and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

40. Plaintiff repeats the allegations contained above as though stated fully herein.

41. Plaintiff was subjected to false arrest and false imprisonment when he was arrested without probable cause by members of the NYPD and held in custody thereafter.

42. At no time did the defendants have any legal basis for seizing, arresting, and imprisoning plaintiff, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

43. The individual defendants are therefore liable under state law to plaintiff for false arrest and false imprisonment and the municipal defendant is vicariously liable to the plaintiff for said acts of its employees and agents.

44. By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, imprisonment and the deprivation of liberty.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    Actual and punitive damages against each of the individual defendants in an amount to be determined at trial;

    ii.    Actual damages against the municipal defendant in an amount to be determined at trial;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

    iv.    such other relief as the Court deems just and proper.

Dated:    New York, New York
           March 7, 2016

           LUMER & NEVILLE
           Attorneys for Plaintiff
           225 Broadway, Suite 2700
           New York, New York 10007
           (212) 566-5060

By: _____
           Michael B. Lumer (ML-1947)